# DECLARATION of RACHEL ROYSTON, CFE

I, RACHEL ROYSTON, do herby declare:

## BACKGROUND AND EXPERIENCE

1. I am a contract Financial Investigator and Certified Fraud Examiner. I am assigned to the United States Attorney's Office for the District of Oregon and have been so employed since May of 2021. My duties include supporting criminal investigations through conducting financial analysis including the identification and seizure of assets associated with criminal activity and the initiation of civil or criminal forfeiture action against these assets. During my career, I have received extensive training and experience in conducting financial investigations including money laundering and fraud.

## PURPOSE OF DECLARATION

2. This declaration is submitted in support of a Complaint *in rem* for Forfeiture of the following commercial property, hereafter referred to as the "Defendant Property."

3. **Defendant Property:**   4309 Oakridge Road, Lake Oswego, Oregon 97035

   Parcel Number: 00242213

   Map Number: 21E08CB00500

   Lot 2, LAKE VIEW VILLAS FIRST ADDITION, in the City of Lake Oswego, County of Clackamas and State of Oregon.

   EXCEPTING THEREFROM that portion conveyed to the City of Lake Oswego by Bargain and Sale Deed recorded April 8, 1983, as fee No. 83-009820, more particularly described as follows:

   A portion of Lot 2, LAKE VIEW VILLAS FIRST ADDITION, in the City of Lake Oswego, Clackamas County and State of Oregon, described as follows:

Beginning at the intersection of the West line of said Lot 2, with the North line of Oak Ridge Road, said point being 15 feet North of the center line of Oak Ridge Road; thence North along the West line of said Lot 2, a distance of 15 feet; thence East 150 feet on a line parallel with the South line of said Lot 2; thence South along the East line of said Lot 2 a distance of 15 feet to the North line of Oak Ridge Road; thence West 150 feet to the point of beginning. FURTHER EXCEPTING THEREFROM any portion lying within Oak Ridge Road.

FRONT OF THE BUILDING



REAR OF THE BUILDING



Declaration of Rachel Royston, CFE

EXHIBIT A   PAGE 2
Complaint in rem
FOR FORFEITURE

INTERIOR OF THE BUILDING



4. Title for the Defendant Property is currently held in the name of the Swanson Family Trust.

5. Based on the evidence obtained in this investigation, including property and financial records, there is probable cause to believe David Douglas Swanson Sr., as the sole representative of SF Commercial LLC, in connection with his application for a Small Business Administration 7(a), Preferred Lenders Program Loan (SBA Loan) through Seacoast Commerce Bank, knowingly made false statements regarding the source and nature of funds used for earnest money and down payment by claiming the source of funds as borrower personal equity and also failing to disclose he encumbered the Defendant Property through a promissory note, thereby concealing an outstanding debt from a financial institution for the purpose of influencing the action of the Small Business

Administration in violation of Title 18, United States Code, Section 1014. The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

6. The facts set forth in this declaration are based on the following: my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including law enforcement officers; my review of records related to this investigation including interviews of witnesses; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this declaration is submitted for the limited purpose of establishing probable cause for the Complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## SUMMARY OF INVESTIGATION

7. In or around November 2018, David Douglas Swanson Sr. ("Swanson"), through his newly formed company SF Commercial LLC ("SFC"), offered and sold a promissory note in the amount of $755,000 to an elderly client of Swanson's financial advisory firm, Swanson Financial Services Inc. ("SFS"), by making false statements and material misrepresentations.

8. As early as 2005, Swanson was the financial advisor and fiduciary of Judy and Dugald Steele. Dugald handled all the finances for the Steeles. In March 2018, Dugald was diagnosed with a terminal illness and told he only had six months to live. Swanson continued communication with the Steeles throughout Dugald's hospice care. Dugald passed away on September 26, 2018. At that time, the Steeles owned several annuities, valued at over $1 million.

9. On October 10, 2018, Swanson filed articles of organization for SFC with the State of Oregon, Corporation Division. That same day, Swanson instructed Judy Steele ("Judy") to sell her annuities and place the funds in her personal checking account. Swanson told Judy that this was a one-time tax-free event. Judy later received a large tax bill (approximately $55,000) for the surrender.

10. On October 15, 2018, Swanson opened Bank of America business checking account ending in 4044 in the name of SFC.

11. On November 5, 2018, Swanson met with Judy alone at her home. Swanson convinced Judy to loan him money to purchase the Defendant Property. Swanson told Judy the investment was safe, and her investment would be secured by the building. During this meeting, Swanson had Judy get her checkbook. Swanson wrote a check payable to SFC for $755,000 and had Judy sign it. Swanson deposited Judy's check into the SFC account ending in 4044.

12. In November 2018, Swanson purchased Defendant Property for $2,800,000.00. Between November 13 and December 31, 2018, Swanson sent three wires from the SFC account ending in 4044, totaling $602,439.31, to Chicago Title Company in connection with the purchase of the Defendant Property. The primary source of funding for these wires was Judy's investment check.

13. Unbeknownst to Judy, on November 27, 2018, Swanson signed a commercial loan agreement with the Small Business Administration ("SBA") in the amount of $2,380,000.00 through Seacoast Commerce Bank, Loan Number 32509370-09. The loan file contained a "Schedule of Collateral" in which the Defendant Property is listed as collateral to be used as security for the loan. This document lists the name of the lienholder

as Seacoast Commerce Bank. The Collateral Conditions section of the loan file also states that the lender must obtain a lien on 100% of the interests in the Defendant Property. Title records show that the lien was recorded in Clackamas County, Oregon.

14. On December 19, 2018, Swanson emailed Judy a copy of her promissory note, dated December 5, 2018, indicating an agreement between the Steele Living Trust and SFC. The terms of the note provide for monthly installment or maturity payments at 6.5 percent per annum for three years. The note states that the investment will be secured by the Defendant Property. However, no security interest or lien was ever recorded on behalf of Judy.

15. On or about December 20, 2018, Swanson, through SFC, also secured a $421,900.00 SBA 7(a) PLP Loan, number 34062970-04, identified as a Construction Loan through Seacoast Commerce Bank, respective to the Defendant Property.

### False Statements on the SBA Loan Application

16. The SBA Office of the Inspector General provided copies of the loan documents associated with the initial SBA Loan obtained through Seacoast Commerce Bank. Included in those documents was a copy of the SBA 7a Loan Report and email communications between the bank and Swanson.

17. In an email dated November 15, 2018, Swanson responded to an email from the mortgage company inquiring about the source of the funds deposited into the newly opened SFC account. Swanson stated that the funds were "earned over a decade of consulting for a private client."

18. Page three of the SBA 7a Loan Report, under a section entitled, "*Source/Verification of Borrower's Equity,*" includes notes made by the bank representative based on statements made by Swanson during a borrower interview conducted on November 21, 2018. During

the interview, Swanson stated that the money he received from Judy was a commission he earned after 10 years of consulting on a real estate transaction involving five acres of raw land owned by a client. Swanson claimed he was helping develop the land but after the client's husband passed away, the project stalled. Swanson therefore falsely claimed to Seacoast Commerce Bank and the SBA the source funds were a deferred commission. In fact, these funds did not represent personal equity in the down payment of this property.

19. On page 23 of the SBA 7a Loan Report, the source of funds was again claimed as commission income and Swanson stated he has "a number of similar ongoing projects and expects millions in the next 10 years."

20. On June 22, 2021, unbeknownst to the SBA, Swanson filed a Bargain and Sale Deed with Clackamas County for the Defendant Property. This transaction transferred the Defendant Property from SFC to the Swanson Family Trust, David Douglas Swanson Sr., and Trang Swanson Trustees, for no consideration.

## CONCLUSION

21. The evidence presented in this declaration shows Swanson knowingly made false statements and representations in connection with his application for an SBA 7(a) Loan through the Preferred Lender Program at Seacoast Commerce Bank, by misrepresenting the source of funds, claiming owner equity in the transaction as down payment, and also failing to disclose he had encumbered the Defendant Property through a promissory note, thereby concealing an outstanding debt from the SBA and the bank.

22. Based on the foregoing, I have probable cause to believe, and I do believe, that the Defendant Property was obtained fraudulently in violation of Title 18, United States Code,

Section 1014. The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

23. I have presented this declaration to Assistant United States Attorney Christopher Cardani who has advised me that in his opinion, the proposed complaint is supported by probable cause.

I declare under penalty of perjury that the foregoing is true and correct pursuant to Title 28, United States Code, Section 1746.

Executed this 7th day of February 2023.

/s/ Rachel Royston
RACHEL ROYSTON
Financial Investigator and
Certified Fraud Examiner
United States Attorney's Office